(13 Misc. Rep. 340.)

### EVERS et al. v. O'MARA.

(City Court of New York, General Term. June 25, 1895.)

PLEADING—AMENDMENT OF ANSWER.

> In an action for goods sold, defendant admitted the sales, and pleaded payment in full. Eleven months after the issue was joined, defendant asked leave to file an amended answer, withdrawing the admissions as to sales, and interposing a denial, so as to put plaintiff to proof of the various deliveries of goods for the period of 14 months. The moving affidavit was made by defendant's counsel, who stated that he had examined plaintiff's bill of particulars, and found it to be inaccurate as to the amount of the goods delivered, the time of delivery, and the value in over 40 places, but it did not specify the inaccuracy. *Held*, that leave to amend was properly denied.

Appeal from special term.

Action by Louis Evers and others against Eliza O'Mara. From an order denying a motion for leave to serve an amended answer, but with leave to renew the same before the referee, defendant appeals. Affirmed.

Argued before VAN WYCK, NEWBURGER, and CONLAN, JJ.

Lincoln McCormack, for appellant.

L. W. Emerson, for respondents.

VAN WYCK, J. The plaintiffs, who are retail grocers, commenced this action in June, 1894, by service of summons and complaint, and in the latter alleged that during a period of 14 months, ending in September, 1893, they sold and delivered to defendant groceries of the value of $949.47, on account of which she had paid $361.16, leaving a balance due of $558.81. The defendant demanded and received a voluminous bill of particulars of the daily deliveries of the groceries during such period, and of the separate values thereof. Thereafter, on June 26, 1894, defendant served a verified answer, in which she specifically admitted that during the alleged period "groceries to the value of $949.47" had been sold and delivered to her as alleged in the complaint, and alleged that she had paid "the sum of $949.47 in full payment for said goods." By consent, the issues thus framed were sent to a referee to hear and determine, and noticed by plaintiffs for trial for May 1, 1895, before the referee, on which day the parties appeared, and defendant sought

and obtained an adjournment of two weeks, and then moved at special term, on the 15th of May, 11 months after issue joined, on a proposed amended answer, verified by her, and on an affidavit made, not by her, but by her attorney, for permission to serve such amended answer, by which she withdraws the admissions contained in her original answer, and interposes a denial, which will put the plaintiffs to the proof of their cause of action, and of the quantity and value of every of these numerous items of groceries delivered to her daily, for a period of 14 months, ending 2 years ago, but retains her plea of payment in full for all such groceries. The defendant makes no affidavit, but her counsel avers that he "has examined the plaintiffs' bill of particulars, and found it to be grossly inaccurate in respect to the amount of the goods delivered, the time of such deliveries, and the value of the goods delivered, and in over forty places in the addition of the various items composing the daily orders." What does he know of his own knowledge about the amount and value of the groceries, or the times of their delivery, and why does he not specify these errors in the additions? They may counterbalance one another, or may aggregate only a few cents or a few dollars, and, if so, why should plaintiffs be forced to make proof of many hundred items of groceries, their value, and time of delivery, especially when the delivery was made several years ago. If these errors in the addition of the bill of particulars really exist, and are at all substantial, the referee will certainly correct them by amendment or otherwise, and they should be pointed out to enable the plaintiffs to correct them if they exist. The court below properly denied defendant's application for permission to interpose an amended answer on the facts disclosed on the motion, and was indulgent to defendant in granting leave to renew her application before the referee. Order affirmed, with $10 costs. All concur.